NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOEL WEISBERG<br><br>　　　　　Plaintiff,<br><br>v.<br><br>REALOGY CORPORATION, NRT LLC,<br>and REALOGY SERVICES GROUP LLC,<br><br>　　　　　Defendants. | Civil Action No.: 12-30(JLL)<br><br>**OPINION** |

**LINARES,** District Judge,

　　　This matter comes before the Court on Defendants' motion to dismiss Plaintiff's complaint and Plaintiff's cross-motion to amend the Complaint. The Court has considered the submissions of the parties and for good cause shown Plaintiff's motion to amend is granted in part and denied in part, and Defendants' motion to dismiss is granted in part and denied in part.

**I.　BACKGROUND**

　　　Plaintiff brings this action against his former employer, NRT LLC ("NRT"), and its parent companies, Realogy Services Group LLC ("Realogy Services") and Realogy Corporation ("Realogy Corp.") (collectively "Defendants"), for violations of the Americans with Disabilities Act ("ADA") and the New Jersey Law Against Discrimination ("NJLAD") Specifically, Plaintiff claims that Defendants failed to accommodate his disability, Attention Deficit Hyperactivity Disorder ("ADHD"), in violation of these statutes.

　　　Following his discharge on February 4, 2010, Plaintiff filed a Charge of Discrimination with the EEOC alleging that NRT discriminated against him on the basis of age and disability.

Declaration of Ivan Novich ("Novich Decl."), Ex. 2.  Also on February 4, 2010, Plaintiff simultaneously filed a completed "Addendum to Charge of Discrimination" Form with the New Jersey Division of Civil Rights ("NJDCR").  This Form states that "[t]he purpose of this addendum is to permit the charging party to complete the process of filing a discrimination charge with the NJDCR."  Novich Decl., Ex. 3.  On this form, Plaintiff checked boxes that indicated he intended to dual-file his EEOC claims for age and disability discrimination with the NJDCR.  Novich Decl., Ex. 3.

On February 18, 2010, the EEOC advised the NJDCR that"[p]ursuant to the worksharing agreement, this charge [would] be initially investigated by the EEOC."  Novich Decl., Ex. 4.  On July 13, 2010, the NJDCR notified Weisberg that the EEOC would conduct the processing of his Charge and that "[o]nce that [EEOC] has made a Determination concerning this charge and closes its file, the [NJDCR] ordinarily adopts the EEOC's determination."  Novich Decl, Ex. 5.  The NJDCR futher advised Plaintiff that "upon application, and for good cause shown, the [NJDCR] will review a no reasonable cause determination by the EEOC."  Id.

On June 14, 2011, the EEOC issued a Dismissal and Notice of Rights on the ground that it was "unable to conclude that the information obtained establishes a violation of the statutes." Complaint ("Compl."), Ex. B.  Plaintiff did not file an application with NJDCR seeking to challenge the EEOC's determination.

On September 12, 2011, Plaintiff commenced a civil action in the United States District Court for the Eastern District of New York alleging failure to accomodate under the ADA and

2

the NJLAD.[1]  Compl. ¶¶ 47-59.  On December 2, 2011, the NJDCR advised Plaintiff that the EEOC "has informed the [NJDCR] of the closing of its file" and that "a determination has been made and the [NJDCR] is closing its file on the same basis."  Novich Decl., Ex. 7.

Defendants filed a motion to dismiss Plaintiff's Complaint under Rule 12(b)(6) on January 11, 2012.  Plaintiff requested an adjournment of the motion date and an extension of the time to file an amended complaint as a matter of course.  Magistrate Judge Hammer adjourned the motion date until March 5, 2012 and directed Plaintiff to file any motions for leave to amend the Complaint prior to February 10, 2012.  On February 10, 2010, Plaintiff filed a cross-motion to amend.

## II. LEGAL STANDARD

### A. Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party."  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  But, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).  Thus,

---

[1] On December 28, 2011, the Honorable Sandra Townes, U.S.D.J. ordered this action transferred to the District of New Jersey.  Novich Decl., Ex. 8.

"'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element[s]." Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 322 (3d. Cir. 2008) (quoting Twombly, 550 U.S. at 556).

### B.     Motion to Amend

A party may amend its pleading once as a matter of course within twenty one days after service of a motion a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). If a party fails to meet this deadline, Federal Rule of Civil Procedure 15 also permits a party to amend a pleading with the consent of the parties or leave of Court. Courts should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); see also, Forman v. Davis, 371 U.S. 178, 182 (1962). The decision to grant leave to amend rests within the discretion of the court. Id. Pursuant to Forman, leave to amend may be denied on the basis of: 1) undue delay; 2) bad faith or dilatory motive; 3) undue prejudice to the opposing party; or 4) futility of amendment. Id.; see also, Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) ("leave to amend must generally be granted unless equitable considerations render it otherwise unjust").

### III.    DISCUSSION

Plaintiff alleges that his failure to amend the complaint as a matter of course in the time allotted is due to the fact that his attorney, who is not admitted in New Jersey, was attempting to secure local counsel. Defendants do not explicitly challenge this allegation and the Court will accept this excusable delay. The Court also finds that allowing Plaintiff to amend his complaint would not result in undue to prejudice to the defendant as Plaintiff's motion for leave to amend was filed only nine days after his right to amend as a matter of course expired.

The Court now turns to whether Plaintiff's attempt to amend the Complaint would be

futile. To establish futility, the party opposing the motion to amend must prove that the proposed amendments to the complaint would not survive a motion to dismiss for failure to state a claim or lack of subject-matter jurisdiction. See Massarsky v. Gen. Motors. Corp., 706 F.2d 111, 125 (3d Cir. 1983). When making this determination, the court applies the same standard of legal sufficiency as applies under Rule 12(b)(6): factual allegations must be enough, when taken as true, to state a claim for relief that is plausible on its face. Travelers Indem. Co. v.. Dammann & Co., 592 F.Supp. 752, 763 (D.N.J. 2008). Accordingly, the Court writes a single analysis for both parties' motions.

Defendants move to dismiss Plaintiff's NJLAD claim against all Defendants, and Plaintiff's ADA claim against Realogy Corp. and Realogy Services. As to Plaintiff's NJLAD claim, Defendants allege that this claim is barred by the statute's election of remedies provision. Plaintiff does not address Defendants' NJLAD arguments; only Defendants' ADA arguments.

Unlike the ADA, the NJLAD does not have an exhaustion of remedies requirement. N.J.S.A. 10:5-13 ("Any complainant may initiate suit in Superior Court under this Act without first filing a complaint with the division or any municipal office."). Rather, the NJLAD provides for an election of remedies: a plaintiff may either file a complaint with the NJDCR or commence a civil action. Id. If a plaintiff chooses to file a complaint with the NJDCR, the plaintiff is foreclosed from filing a civil action while his complaint with the NJDCR is pending and after the NJDCR makes a final determination. Metzler v. Am. Trans. Group, No. 07-2066 (JLL), 2008 WL 413311, *2 (D.N.J Feb. 13, 2008) (citing N.J.S.A. 10:5-27( "If a plaintiff chooses [to file with the NJDCR], he or she is barred from bringing a judicial action with the [NJ]DCR is pursuing its investigation and after the [NJ]DCR has rendered its determination.").

Once a forum is chosen a plaintiff may not pursue remedies in an alternate forum while the initial matter is pending.  However, the former matter will not have a preclusive effect on subsequent proceedings unless the earlier forum reaches a final determination. Hernandez v. Region Nine Housing Corp., 146 N.J. 645, 656-57 (1996).  For example, before the final disposition of a matter, a plaintiff is free to withdraw his or her complaint from the earlier chosen forum and pursue the same claims in an appropriate alternative forum.  Id. at 657.  Upon a final determination by the NJDCR, either party may seek appellate review in New Jersey Superior Court.  N.J.S.A.10:5-21.  Otherwise, the NJDCR's final determination precludes any party from bringing a different action, in any forum, based on the same misconduct.  Metzler, 2008 WL 413311 at *2.

Here, Plaintiff filed a claim with the NJDCR and, instead of pursuing appellate review pursuant to N.J.S.A. 10:5-27, chose to file suit in this Court.  Federal courts have "consistently dismissed NJLAD claims filed subsequent to final determinations by NJDCR on election of remedies grounds."  Exantus v. Racquets Club of Short Hills, No. 09-6428 (WJM), 2010 WL 3259775, at * 3 (D.N.J. Aug. 17, 2010); see also, Harter v. GAF Corp., 150 F.R.D. 502, 513 (D.N.J. 1993); Hedenberg v. Bando American, Inc., No. 97-4477, 1992 WL 443432, at *9 (D.N.J. Mar. 3, 1992).  Once Plaintiff elected to file his claim with the NJDCR, he waived his right to a "second bite of the apple" in federal court.  Chugh v. W. Inventory Serv., Inc., 333 F.Supp. 2d 285 (D.N.J. 2004).  Accordingly, Plaintiff's NJLAD claim is barred by the statute's election of remedies.

As to Plaintiff's ADA claims, Defendant alleges that Plaintiff failed to exhaust his administrative remedies with respect to Realogy Corp. and Realogy Services.  Indeed, in his

6

EEOC charge, Plaintiff only named NRT as a respondent and did not make any claims against Realogy Services or Realogy Corp.  Plaintiff argues that the Third Circuit recognizes an exception to the requirement that a plaintiff must pursue administrative remedies against each party it seeks to bring ADA claims against when the unnamed party received notice and when there is a shared commonality of interests with the named party - the Glus Exception.  Pl. Brief in Opp. to Def. Mot. to Dismiss, at 6 (citing Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977)).  In Glus, the Court held that a local union named on an EEOC charge and the corresponding international union, although unnamed, shared a commonality of interests that did not require the latter to be named on the EEOC charge in order for plaintiff to pursue claims against it.  Specifically, because their liability arose from the same collective bargaining agreement, the International Union's representative was the chief union negotiator at many of the agreement's negotiation sessions, and because both parties were represented by the same attorney, the Third Circuit held that these parties shared a commonality of interest.

     Plaintiff cites Schafer v. Board of Public Educ., 903 F.2d 243, 252 (3d Cir. 1990) as illustrative of this exception.  In Schafer, Defendant appealed the district court's denial of a motion to dismiss a party not named in an EEOC charge where the district court found that the named and unnamed parties shared a commonality of interest.  Although the Court affirmed the Glus Exception, the Court ultimately declined to apply it where the plaintiff, a teacher, failed to name the teacher's union in his initial complaint but named the Board of Education.  903 F.2d at 252.

7

>In determining whether the Glus Exception applies, the Court looks at four factors:
>
>1) whether the role of the unnamed party could through reasonable effort be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar to the unnamed party . . . it would be unnecessary to include the unnamed party in the EEOC proceeding; whether its absence from the EEOC proceedings resulted in actual prejudice to the unnamed party; and 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Schafer, 903 F.2d at 252, n.7 (citing Glus, 629 F.2d at 651).

Upon examination of these elements and the controlling case law, this Court finds that the instant matter is more analogous to Glus than to Schafer. Specifically Defendants, being a subsidiary and parents respectively, possess a relationship more akin to one between a local union and an international union (Glus), than between a teacher's union and a board of education (Schafer). Furthermore, as in Glus, their shared attorney is another indicator of the nature of their relationship. Plaintiff has also proposed to amend his complaint to indicate that Realogy's website claims that NRT is a "wholly owned and operated" subsidiary of Realogy; a fact that would further satisfy several Glus factors.

Lastly, Defendant alleges that Plaintiff did not affirmatively assert in his Complaint that he exhausted his administrative remedies with respect to Realogy Services and Realogy Corp. It is well-settled that a complaint fails to state a claim upon which relief may be granted unless it asserts satisfaction of the preconditions to suit required by the statute. Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997). Thus, surviving a motion to dismiss an ADA claim requires the plaintiff not only to exhaust his administrative remedies, but to affirmatively plead that he has

8

done so in his complaint. However, as there is no dispute that Plaintiff has actually pursued a charge with the EEOC, and amending his ADA claim would neither be futile nor prejudicial to Defendants, the Court will deny Defendant's motion to dismiss Plaintiff's ADA claim and grant Plaintiff leave to amend his ADA claim only.

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's NJLAD claim is granted. Defendants' motion to dismiss Plaintiff's ADA claim is denied and Plaintiff is granted leave to amend his ADA claim only. An appropriate Order accompanies this Opinion.

DATED: March 22, 2012

        s/ Jose L. Linares
        JOSE L. LINARES
        UNITED STATES DISTRICT JUDGE